IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

```
DALE FOSTER,                    :    CIVIL ACTION
                                :    NO. 07-2037
            Petitioner,         :
                                :
      v.                        :
                                :
JEFFERY A. BEARD, et al.,       :
                                :
            Respondents.        :
```

**O R D E R**

**AND NOW**, this **14th** day of **January, 2008**, upon consideration of the Report and Recommendation of United States Magistrate Judge Arnold C. Rapoport (doc. no. 10), it is hereby **ORDERED** as follows:

    1.   The Report and Recommendation is **APPROVED** and **ADOPTED**;[1]

---

[1] Following petitioner's sentencing on October 13, 1999, in the Delaware County Court of Common Pleas, petitioner appealed to the Pennsylvania Superior Court which affirmed the judgment on November 9, 2001. Petitioner did not file an allowance of appeal with the Pennsylvania Supreme Court.

    On November 12, 2002, Petitioner filed a pro se application for collateral relief to pursuant to Pennsylvania's Post Conviction Relief Act ("PCRA"), 42 Pa. Const. Stat. Ann. §9541 et seq., which was later amended by his newly appointed counsel, Norman Scott, Esquire.  Mr Scott had initially filed a "no merit" letter pursuant to Commonwealth v. Finley, 550 A.2d 213 (Pa. Super. 1988), but then decided to retract it.  On October 20, 2004, the amended petition was dismissed.  Petitioner timely filed a post-conviction collateral appeal with the Pennsylvania Superior Court which was dismissed on June 15, 2006.  Again, petitioner did not seek allowance of appeal with the Pennsylvania Supreme Court.  On March 12, 2007, petitioner filed his second

---

PCRA petition which is currently pending before the PCRA court. The instant petition was filed in this court on May 15, 2007, pursuant to 28 U.S.C. § 2254, and on July 3, 2007, petitioner filed a motion to stay the proceedings pending the outcome of his second PCRA petition.
Respondents filed a response to the instant petition on September 20, 2007, claiming that the petition should be denied as untimely under the Antiterrorism and Effective Death Penalty Act ("AEDPA") and that petitioner's motion to stay the proceedings should be denied as well.
     Effective on April 24, 1996, § 101 of the AEDPA imposed a one-year limitation period to applications for writs of habeas corpus filed by persons in state custody. 28 U.S.C. §2244(d) states;

(d) (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--

   (A) The date on which the judgment became final by the
   conclusion of direct review or the expiration of the time
   for seeking such review;

The statute also provides that the time during which an application is properly filed for a state post-conviction or other collateral review is pending shall not be counted toward any period of limitation. 28 U.S.C. §2244(d)(2).
     In this instance, the statutory one-year period in which to file a habeas petition commenced 30 days after the affirmance of his conviction by the Pennsylvania Superior Court, or the date his opportunity to file an allowance of appeal with the Pennsylvania Supreme Court had terminated. This date was December 9, 2002. Since petitioner's first PCRA petition was "properly filed," it tolled the AEDPA statue of limitations during the period in which it was pending. When petitioner filed his first PCRA petition on November 12, 2002, 377 days had run on the one-year AEDPA statute of limitations leaving only 28 days.
     The PCRA court dismissed the petition on October 24, 2004, and while he timely filed an appeal, his counsel failed to file the required 1925(b) statement, compelling a dismissal by the Superior Court on June 15, 2006. Because the petitioner did not file an allowance of appeal with the Pennsylvania Supreme Court, the tolling of the limitations period lasted from November 12, 2002, to July 15, 2006, the date the window for an appeal closed. Since the petitioner only had 28 days left on his limitations

period, he would have had to file his § 2254 petition by August 12, 2006.  The petition was filed on May 15 2007, approximately 276 days late.  Due to the gross delay in filing his habeas petition the petition must be dismissed unless the petitioner can prove that he is entitled to an equitable tolling to the limitations period. See 28 U.S.C. § 2244(d)(1).

Generally, in order to apply equitable tolling, the petitioner must show that he or she "[e]xercised reasonable diligence in investigating and bringing [the] claims," but "[m]ere excusable neglect is not sufficient." Miller v. N.J. State Dept. of Corrections, 145 F.3d 616, 618-19 (3d Cir. 1988).  The Third Circuit set forth three circumstances when equitable tolling is justified: (1) if the defendant has actively misled the plaintiff; (2) if the plaintiff has in some extraordinary way been prevented from asserting his rights; or (3) if the plaintiff has timely asserted his rights, but has mistakenly done so in the wrong forum. Jones v. Morton, 195 F.3d 153 (3d Cir. 1999).

Given that the petitioner has failed to file timely objections to the Report and Recommendation filed by Magistrate Judge Rapoport, the Court has looked to the "Plaintiff's Rebuttal" filed on October 3, 2007, (doc. no. 9), in order to ascertain petitioner's potential arguments for equitable tolling.  Although somewhat difficult to comprehend, the petitioner seems to be basing his habeas claim on an ineffective assistance of counsel argument.  However, even if the Court were to construe this argument as one also applying to equitable tolling, dismissal would still be appropriate.  Inadequate assistance of counsel would have to be categorized as an "extraordinary circumstance" in order to equitably toll the limitations period as the other two situations, active misleading and filing in the wrong forum are not applicable.  However, in non-capital cases, "[a]ttorney error, miscalculation, inadequate research, or other mistakes" did not rise "extraordinary" circumstances required for equitable tolling. Fahy v. Horn, 240 F.3d 239, 244 (3d Cir. 2001); see also Rinaldi v. Gillis, 2007 U.S. App. LEXIS 22471 (3d Cir., Sep. 19 2007) (non-precedential).  Petitioner has, at best, alleged general ineffectiveness, without any specificity, save stating that Mr. Scott, his third attorney, had "loss [sic] his momentum."  (Pl.'s Reb. 2).  Unfortunately, petitioner makes no attempt to suggest how or why this alleged ineffective assistance of counsel caused him to file his petition more than 250 days late.  In fact the record is completely bare for the time period between August 12, 2006, and May 15, 2007.

Petitioner's motion to stay these proceedings is also without merit.  Although "it is appropriate to stay an abey [federal habeas proceedings] while the petitioner exhausts his unexhausted claims

   2. Petitioner's objections to the Report and Recommendation are **OVERRULED**;

   3. Petitioner's motion to stay the proceedings in this Court is **DENIED**.

   4. The Petition for Writ of Habeas Corpus, pursuant to 28 U.S.C. § 2254, (doc. no. 1) is **DENIED** and **DISMISSED**;

   5. There is no probable cause to issue a Certificate of Appealability.

**AND IT IS SO ORDERED.**

   S/Eduardo C. Robreno
   **EDUARDO C. ROBRENO, J.**

---

in state courts," Rhines v. Weber, 554 U.S. 269, 277-278 (2005), there is no reason to do so when the district court is without authority to hear the petition in first place.  Effectively, the Court would only be delaying the inevitable dismissal of petitioner's claim under the limitations period set forth in the AEDPA.